WESLEY MORRISON v. A. H. BEAN.

A certified copy of a note or mortgage, the original of which is on file in one cause, cannot, if objected to, be read in evidence in another cause, pending in the same court.

The court will permit the withdrawal of an instrument, on file in one cause, for the purpose of using it as evidence in another cause, in the same court; or the clerk of the court may be compelled to attend with the instrument.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

Morrison, the plaintiff in error, gave to J. R. Wintz a note for $3,025 50, which he secured by mortgage on lands and negroes. Wintz transferred the note to Bean, the defendant in error, after its maturity. Bean instituted suit, setting out the note and mortgage, praying for judgment on the note, and decree of foreclosure of the mortgage, and averring that the mortgage was on file in the same court, in another cause.

On the trial of the cause, the court permitted the plaintiff below to read in evidence a certified copy of the mortgage and assignment, which was certified by the clerk to be on file in said court in another suit; which ruling of the court was excepted to by the plaintiff in error, and assigned as error in this court.

*Parker* and *Nichols*, for defendant in error.

BELL, J. We are of opinion, that the court below erred in permitting the plaintiff to read in evidence, the copy of the mortgage from Morrison and wife to Wintz. The plaintiff did not show himself entitled to use a copy, instead of producing the original. His petition stated that the original mortgage was on file amongst the papers of another cause, in the same court in which the trial of this cause was progressing. He could not, therefore, and did not make affidavit that the original instrument was lost, or that he could not procure it.

Article 742 of Hartley's Digest, provides "that if suit be

"brought on any instrument or note in writing, filed in any "suit brought thereupon, in any other court of this State, a "certified copy of such instrument or note in writing, under the "hand and seal of the clerk of the court in which the original "may be filed, shall be admitted, (in evidence,) in like manner "as such original might be," &c.

It never was intended, however, that where the instrument or note in writing, is filed in any suit in the same court, where a subsequent suit is brought on the same instrument or note, that a copy of such instrument or note shall be used on the trial of such subsequently instituted suit; for the obvious reason, that the instrument or note is within the control of the court.    In such case, the presiding judge may permit it to be withdrawn from the file, for the purpose of being used as evidence; or the clerk of the court may be compelled to attend with the instrument.

It is suggested, in the brief of the counsel for the defendant in error, that the judgment may be reversed and reformed; and he declares his willingness that a judgment shall be rendered by this court, for the amount due on the note sued on, without any decree for the foreclosure of the mortgage.    This might be done, at the costs of the defendant in error; but inasmuch as the judgment is against Wintz, as guarantor of the note, as well as against Morrison as maker, and as Wintz has an equitable right to have the mortgaged property subjected to the payment of the debt, we think it may be best for all parties to reverse the judgment of the court below, and remand the cause for further proceedings; which is accordingly done.

Reversed and remanded.