CHARLEY MEEKS V. THE STATE.

*No. 218. Decided November 11.*

**1. Sale of Liquor on Sunday—Requisites of Offense.**—The sale of goods, wares, liquors, etc., on Sunday, is not a violation of law, unless brought within the statutory inhibition (article 186, Penal Code), and must be by "a merchant, grocer, or dealer in wares or merchandise, or trader in any business whatever," etc.

**2. Same—Investigation as to by Grand Jury—Examination of Witness.**—In an investigation by the grand jury as to the sale of liquor on Sunday, the questions propounded to the witness should not only be with reference to sales on Sunday, but in reference to sales made by the parties enumerated in the statute as inhibited from making such sales.

**3. Same—Perjury.**—That some party, other than those enumerated in the statute (article 186), sold liquor on Sunday, can not constitute a material inquiry by a grand jury, when considered upon a prosecution for perjury growing out of their investigation relative to such unlawful sales.

**4. Same — Indictment for Perjury— Materiality of Assignment.**—See the opinion for an indictment for perjury, assigned upon an examination of a witness before the grand jury with reference to a sale of liquor on Sunday, wherein said assignment is *held* wholly immaterial, the question asked the witness being too indefinite and general as to time, place, and circumstances even to form a basis for impeachment of the witness, much less a basis for the infamous crime of perjury.

**5. Perjury—Evidence—Quantum of Proof.**—A conviction for perjury can not be sustained, in this State, unless the guilt of the accused be proved by two witnesses, or one witness with strong corroboration, or on confession in open court.   Code Crim. Proc., art. 746.

APPEAL from the District Court of Wood.   Tried below before Hon. FELIX J. MCCORD.

Appellant was indicted for perjury before the grand jury, on an investigation with regard to a sale of liquor on Sunday.

Exceptions to and motion to quash the indictment, made by defendant, were overruled.   At the trial appellant was convicted, his punishment being assessed at five years in the penitentiary.

No statement is necessary.

*Horace M. Cate*, for appellant.—1.   An assignment of perjury in an indictment which shows upon its face that the false matter alleged to have been sworn is predicated upon an answer to a general question, propounded in the grand jury room to a witness, in which the witness was asked if he had bought any whisky on Sunday, or seen any whisky sold on Sunday in a certain town, within two years before the date upon which he is called to testify, and to which he is alleged to have falsely answered in the negative, is too general to constitute a good assignment of perjury, and the exceptions to the bill of indictment should have been sustained.

2 Bish. New Crim. Law, ed. 1892, sec. 1034, clause 2; 2 Whart. Crim. Law, sec. 1276; Reg. v. Stolady, 1 F. & F., 508; Reg. v. London, 12 Cox C. C., 511; Willson's Crim. Stats., sec. 1934.

2. A bill of indictment which fails to show upon its face that there was an issue formed, or that if the charge is perjury before a grand jury, that the grand jury was investigating some offense under the law, which offense must be alleged in general terms, is fatally defective in charging the offense of perjury. The indictment charged, in general terms, that "it became and was then and there a material inquiry before the said grand jury, and necessary for the due administration of the criminal law of said State, whether or not he, the said Charley Meeks, had purchased, or seen any one else purchase or sell, any whisky or other intoxicating liquors in the town of Mineola on Sunday, within the space of two years," etc. The balance of the bill is no more specific. Code Crim. Proc., art. 408; Penal Code, arts. 192, 193; Donahoe v. The State, 14 Texas Crim. App., 638; Whart. Crim. Law, sec. 1292, and note 5; Reg. v. Pearson, C. & P., 119; Steinson v. The State, 6 Yerg., 531.

It is no offense per se to sell whisky on Sunday; it must be sold by a trader in a lawful business to become an offense; the grand jury have no general jurisdiction to inquire into any transactions unless such transactions involve an infraction of the penal laws.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of perjury, and prosecutes this appeal.

Perjury is assigned upon his testimony before the grand jury, wherein he stated, "that he had not purchased, neither had he seen any one else purchase or sell, any whisky or other intoxicating liquors in the town of Mineola on Sunday, within the space of two years past; whereas, in truth and in fact, the said Charley Meeks did, on or about the 24th day of April, 1892, and on Sunday, in the said town of Mineola, at B. F. Smart's saloon, and he, the said Charley Meeks, did on the said Sunday, April 24, 1892, see whisky and intoxicating liquors sold in said saloon, in said town of Mineola," etc. It is contended that the above assignment of perjury is not sufficient as a predicate for requiring the defendant to answer.

The sale of goods, wares, liquors, or other merchandise on Sunday is not a violation of law unless brought within the statutory inhibition, which must be by "a merchant, grocer, or dealer in wares or merchandise, or trader in any business whatever," etc. Penal Code, art. 186. If the inquiry of the grand jury was directed to a violation of this statute, the questions to the witness, in order to be material, should be put, not only with reference to sales on Sunday, but also with reference to sales in vio-

lation of the statute. Whether or not a sale occurred on Sunday would be wholly immaterial unless in contravention of the same. That some other party than those enumerated in article 186, cited, sold liquor on Sunday, could not constitute a material inquiry by a grand jury. Again, the question, as put to the defendant by the grand jury, we think too indefinite and general to form the basis of perjury, even if answered. His attention should have been directed to some particular transaction, and his evidence sought in regard to that matter. As stated in the indictment, the question would not have been sufficient to form a predicate for impeachment or contradiction of the witness in regard to the matter about which the inquiry was made. The time, place, and sufficient of the circumstances to call the attention of the party to the transaction under investigation should have been stated, so that he might have known of what he was to testify. Certainly, if the answers to such a question could not constitute a predicate for impeachment of the witness, it ought not to be sufficient to authorize his conviction of one of the most infamous of all felonies. We are of opinion the indictment does not charge an offense, and should have been set aside.

2. We think the further contention is well taken, that the testimony does not support the conviction. A conviction for perjury can not be sustained in this State unless the guilt of the accused be proved by two witnesses, or one witness with strong corroboration, or on confession in open court. The statement of facts found in the record does not meet these statutory requirements.

On one phase of the case it was shown, that whisky was sold in the saloon; that defendant could have seen the sale or could have known it; and that he was in position to have seen the sale. . One of the two witnesses who testified to the above facts also stated, that on account of his testifying in this case he had been promised immunity from punishment for selling the whisky on said Sunday. On the other phase of the case it was testified by another bartender, that he sold whisky to defendant on Sunday in the presence of one Bussie. Bussie being called by the State, testified that no such sale occurred in his presence. A third witness, in this connection, testified, that he saw defendant and Bussie enter the saloon, and asked them, "Ain't you going to say anything?" They made no reply, and soon left the saloon; that he followed them out of the saloon, but saw them buy no whisky, nor have any on the outside of the saloon.

The necessary proof is not made, in either case, to support the conviction, as we understand the statement of facts.

Because the indictment is insufficient, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.