### CHRIS WEAVER v. THE STATE.

*No. 777.    Decided June 8.*

**1. Perjury—Statements Before a Grand Jury.**—Statements of persons testifying before a grand jury, unless material in some respects to the matter under investigation, can not be the basis of perjury, and the materiality of such evidence when given must be measured by the subject matter under investigation. If the matter being investigated is innocent of the law, then the statement should not be held materially false, though in fact it was untrue.

**2. Same—As to Gaming.**—Where a witness testified, that one S. did not play a game of cards in a house on said S.'s place, *Held,* that unless said house was one in which card playing was prohibited by statute, such statement or testimony could not be the basis of perjury, it not being material.

APPEAL from the District Court of Hopkins. Tried below before Hon. E. W. TERHUNE.

Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for seven years.

*L. D. King* and *B. W. Foster,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant, having been convicted of perjury, prosecutes this appeal.

Perjury is assigned upon appellant's alleged false testimony before the grand jury, in stating that one A. Sprinkles, on the 17th day of March, 1895, "did not play at a game with cards in a house on A. Sprinkles' place, whereas in truth and in fact the said A. Sprinkles did, in Hopkins County, Texas, on the 17th day of March, 1895, in a house on said A. Sprinkles' place, play at a game with cards, which said statement so made by the said Chris Weaver before and to said grand jury as aforesaid was willfully and deliberately false," etc. In a motion in arrest of judgment it was contended this indictment sets forth no offense against the law. The materiality of this statement is to be gathered from the above abstract from the indictment. Whether A. Sprinkles had played cards "in a house" on his own place or not

was not material, unless the house was one in which card playing was prohibited by a statute; in other words, in order to constitute this a material question, the card playing must be in violation of the statute. We have no statute which prohibits generally card playing "in a house." Games played with cards, to be a violation of article 355 of the Penal Code, must be played in such houses as are therein contemplated; and the indictment should have alleged facts which showed the gaming investigated by the grand jury was an offense against the law, in order to render the testimony material. If such playing occurred in a private residence, no offense would be committed, unless such private residence was a place for retailing intoxicating liquors. Penal Code, arts. 355, 356. Investigations of grand juries should only be directed to violations of law. Statements of persons testifying before such bodies, unless material in some respects to such investigations, can not be the basis of perjury. The oath there administered, and testimony given in obedience to such oath, is required for the "ends of public justice," and the materiality of such evidence, when given, must be measured by the subject matter under investigation. If the matter being investigated is innocent of the law, then the statement should not be held materially false, though in fact it was untrue. Penal Code, arts. 188, 193; Meeks v. The State, 32 Texas Crim. Rep., 420. The indictment is, we think, wholly insufficient to charge the offense of perjury. Same authorities.

The judgment is reversed, and prosecution is dismissed.

*Reversed and dismissed.*

HENDERSON, Judge, absent.