## FRANK LAMAR V. THE STATE.

### No. 3178.   Decided April 11, 1906.

**1.—Perjury—Indictment—Oath of Witness.**

In an indictment for perjury which alleges that the defendant in a trial of a case in a corporation court swore falsely at said trial, and that the defendant as a witness in said case took his corporal oath to testify therein, and that the judge of said court duly and legally administered the same according to law, the same was sufficient without setting out the oath.

**2.—Same—Material Issue.**

Where an indictment for perjury alleged that it became a material issue whether or not a certain person played at a game of cards; the indictment having previously alleged that said person was on trial for playing at a game of cards at a place named in the corporation court, and which alleges the testimony of the defendant on this issue and that the same was material and which is properly traversed in said indictment, the same was sufficient without alleging that said person played at·said game of cards.   Qualifying Maddox v. State, 13 S. W. Rep., 861.

**3.—Same—Questions Put to Witness—Attention of Witness Directed to Same.**

In an indictment for perjury where the allegations made therein upon which the indictment for perjury was predicated, was testimony delivered by the defendant on the trial of the case before a corporation court over which it had jurisdiction, it was merely necessary to allege the false statement of defendant and that the same was material without alleging that witness' attention was directed thereto.

**4.—Same—Complaint Before Corporation Court—Gaming.**

Where a complaint was brought under article 379, Penal Code, as amended by the Acts of the Twenty-seventh Legislature, page 26, it was sufficient.   It is an offense to play cards even without betting at any place except at a private residence occupied by a family. ·

**5.—Same—Assignments in Perjury.**

Where on trial for perjury the court submitted all the assignments of perjury to the jury, and a finding of guilty by the jury could be applied to either assignment, there was no error.

**6.—Same—Corporation Court.**

Where an indictment for perjury alleged the court in which the perjury set out took place as a "corporation court," and also the proceedings before the judge of said court there was no error.

**7.—Same—Evidence—Proceedings of Commissioners Court—Act of Incorporation.**

In a prosecution for perjury it was error to introduce in evidence certified copies of proceedings in the commissioners court and the county clerk's office of the incorporation of a town of 1,000 inhabitants or over, without filing these papers and giving notice of three days as required by statute.   However, parol evidence showing actual user and the recognition of the corporate existence of such city was admissible.

**8.—Same—Other Offenses—Intent.**

Where the indictment for perjury was based on the fact that defendant swore that he was not present at a game of cards played on the 24th of June, 1905, at a certain place, it was error for the State to introduce evidence of another game of cards at the same place by other parties which defendant should have seen, but which took place subsequent to the game charged in the indictment, and which did not serve to show intent or shed any light on the transaction charged against defendant.

**9.—Same—Harmless Error—Evidence.**

Where in a prosecution for perjury the rejected evidence offered by defendant could not prove otherwise than hurtful to him, there was no error.

**10.—Same—Evidence—System—Permitting Gaming.**

In a prosecution for perjury it was error to admit testimony that witness on several occasions had warned defendant about permitting gaming on his premises, before the alleged game of cards which is made the basis of perjury.

Appeal from the District Court of Taylor. Tried below before Hon. J. H. Calhoun.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Harry Tom King, Hardwicke & Hardwicke,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at two years confinement in the penitentiary, hence this appeal.

The perjury alleged was on three assignments, each of which related to appellant's testimony given on the trial of one Taylor, charged in the corporation court of Abilene with playing at a game of cards within said city limits. The first assignment was whether or not, on or about June 24, 1905, said Frank Lamar remembered to have seen W. J. Taylor play at a game with cards in a certain room, described in said city of Abilene. Second, whether the said Frank Lamar remembered that he was present and saw said Taylor play at a game with cards on said date. Third, whether or not he remembered to have seen Taylor play at a game of cards on or about said date in the city of Abilene at any place. These assignments were properly laid in the indictment, and traversed, and that appellant knew they were false when he made them. The testimony on the part of the State tended to show that appellant was present and saw Taylor play at a game of cards at said time and place. The defense was that the State's case did not authorize a conviction for lack of sufficient proof; further that appellant was intoxicated at the time, and in the nature of things could not remember the transaction.

Appellant made a motion to quash the indictment: one ground being that the indictment should have set out the oath administered to the witness. In support of this contention, appellant refers us to Shely v. State, 35 Texas Crim. Rep., 190; State v. Perry, 42 Texas, 238. These cases are not in point inasmuch as the perjury assigned was predicated on certain affidavits. It was there held that the affidavits themselves or enough of the same should be stated to show the character of oath taken, and that it was an oath required by law in a judicial proceeding. Here the prosecution is not upon the oath taken by the witness on an affidavit

made, but in the trial of a case in the corporation court, and for swearing falsely at said trial, the oath taken being the ordinary one required of a witness in the trial of a case, and the allegation that the witness was sworn and took his corporeal oath before said court as a witness to testify in said cause, and that the judge of said court duly and legally administered the same according to the law in such cases made and provided, as stated in the indictment, was sufficient. Appellant further complains that the indictment should have directly alleged that Taylor played at a game of cards, which it was claimed witness saw; and not having so alleged, it was not competent to have proved such fact on the trial. In support of this proposition, among other cases, appellant cites us to Maddox v. State, 28 Texas Crim. App., 533, 13 S. W. Rep., 861. The case cited and that before the court are not similar. The issue joined in the Maddox case was whether Clark committed a robbery six miles west from Dublin, and the material question was whether Clark, for whom an alibi was set up, was in Dublin at the time; and this should have been alleged as material, and not whether Maddox was in Dublin at the time or not. Here the indictment properly alleges that it became a material issue whether or not Taylor played at a game of cards: the indictment having previously alleged that he was on trial for playing at a game of cards at a place named, in said corporation court. The testimony of the witness on the issue is set out, which is as heretofore stated, and this is alleged to have been material. It does not occur to us that the case cited, and that here, are alike with reference to the points stated.

Appellant further insists that the indictment should show the questions put to the witness, and this should be such as to direct his attention to a particular time and place and sufficiently state the circumstances to call his attention to the transaction under investigation. The cases cited by appellant, to wit: McMurtry v. State, 38 Texas Crim. Rep., 521; Weaver v. State, 34 Texas Crim. Rep., 554; Meeks v. State, 32 Texas Crim. Rep., 420; and Higgins v. State, 43 S. W. Rep., 1012, were all cases originating on testimony delivered in the grand jury room; and it was held in said cases, as insisted by counsel, that the witness' attention should be directed to the matter under investigation. In McDonough v. State, 11 Texas Ct. Rep., 974, these cases were reviewed, and the doctrine announced in them modified: certainly so far as cases not originating in the grand jury. In that case we held, "That aside from the cases named, we know of none which announce the doctrine that before perjury can be assigned on a false statement, the question must be so definite as to time and place and persons involved as to afford the basis for the impeachment of the witness in case he make a denial. On the other hand, the authorities are numerous to the effect that in case where the court has jurisdiction to make the inquiry, and questions are asked of a general character upon material issues, either involved in the case itself, or to discredit the witness, and such witness answers falsely, and it is shown that this is deliberate and wilful, his answers will afford

the basis of a prosecution for perjury." Here the allegations made, on which the indictment for perjury was predicated, was testimony delivered by the witness on the trial of the case before the corporation court, and of which it had jurisdiction; and it was merely necessary to allege the false statement of the witness, and that same was material, in order to introduce the proof, and all of the environments or circumstances under which the testimony was given were introducable for the purpose of showing the materiality of said allegations. With reference to the submission of all the assignments to the jury by the court, we think this was proper; and the finding of guilty by the jury could be applied to either assignment.

It is insisted that the complaint before the corporation court was not a legal complaint charging an offense. We hold that it was. The complaint was brought under article 379, Penal Code, as amended by the Acts of the Twenty-seventh Legislature, p. 26. This act, together with the amendment, was construed in Hodges v. State, 44 Texas Crim. Rep., 444. So that now it is an offense to play cards, even without betting, at any place, except at a private residence occupied by a family. An indictment or complaint so charging is sufficient; Weaver v. State, 34 Texas Crim. Rep., 554, cited by appellant, is not in point.

We also believe that the title "corporation court" was in accordance with the Act of the Twenty-sixth Legislature, p. 40; and that the proceedings before the judge of the corporation court were also in accordance with that act.

Appellant objected to the introduction in evidence of the certified copy by the county clerk of the proceedings before the commissioners court with reference to the incorporation of Abilene, as a town under the general act of the Legislature then existing, for the incorporation of towns; and also of a certified copy by the county clerk from the record of deeds, showing the re-incorporation of Abilene as a town or city of 1000 inhabitants or over. These were objected to because they were copies and not originals; and also parol evidence as to the action of the municipality showing the incorporation, and the incorporation of a town or city could not be shown in that manner. Article 586, Revised Civil Statutes (being 513 in 1882), authorizes the county judge, within twenty days after the receipt of the returns of an election incorporating a town or city, to make an entry upon the minutes of the commissioners court that the inhabitants of the town are incorporated within the boundaries thereof, which shall also be designated in the entry, and the certified copy of such entry shall thereupon be recorded in the proper records of deeds of such county. Article 587 provides, when the entry mentioned in the preceding article has been made, the town shall be invested with all the rights incident to such incorporation, etc. Article 381 provides for the incorporation or re-incorporation of a town containing 1000 inhabitants or over; and how they shall proceed in the matter of such re-incorporation. Said article further provides, that a copy of the proceedings relating to said re-incorporation shall be filed in the

office of the clerk of the county court in which such city, etc., is situated. Article 386 provides, all cities or towns which have heretofore attempted to accept the provisions of the general act, but have failed to comply with all the requirements thereof; and all towns and villages incorporated under chapter 11, which now have 1000 inhabitants, or more, and which have heretofore attempted to accept the provisions of this title, in lieu of their said town or village charter, and become incorporated cities of 1000 inhabitants or more, but which said cities have from and after the dates of their several attempted incorporations and their several efforts to accept the provisions of this title, exercised the functions of cities of the class named, etc., are declared to be incorporated cities. We think by reference to these and other provisions of the law in regard to the incorporation of cities, that said testimony was improperly admitted. These papers were required to be recorded, and certified copies of such records were admissible in evidence, provided they were filed and three days notice given. See article, Civil Statutes, 2312; Golin v. State, 37 Texas Crim. Rep., 90. We believe that it was competent to introduce parol evidence, showing acts of user and the recognition of the corporate existence of the city of Abilene.

The act charged in the indictment was to the effect, that the game of cards was played by said Taylor on the 24th of June, 1905, in the city of Abilene. The first two counts contain a particular place mentioned where the playing should have occurred, and the last at any place within said city limits. The allegation was that appellant knew said game was played, and that he swore he did not remember, and was not present at said game; and that this was false. Of course, the burden was on the State to show the essential elements of the offense charged. It is complained in this connection that it was not competent for the State to introduce evidence of another offense; and that the State should not have been permitted to introduce evidence of an offense of card playing at the same place by other parties, which appellant saw, and which he denied having seen or remembered having seen; that this was a distinct offense subsequent to that charged in the complaint, and was not connected with the offense charged, but was subsequent thereto and subsequent to the filing of the complaint. A number of bills of exception present this matter for the consideration of the court. These bills show that the game in which the alleged perjury occurred was on June 24, 1905, and that the complaint was filed two or three days thereafter; and the State was permitted to prove a game on July 1, 1905, in which Weems and Sheppard played at the same place; and that appellant was present and saw said game, and denied his presence or that he remembered having seen the same. The court explains this testimony, on the ground that the same was admitted to show the wilful intent of defendant in denying seeing the game charged against him in the complaint; and the court's charge to the jury was to the same effect, that they should not consider said testimony for any purpose except for what the jury might deem it worth as tending to show, if it does, the intent and deliberation

of the said Frank Lamar, while giving testimony or testifying, if he did, in said court. It will also be noted in this connection that appellant's defense, in part at least, was that he was drunk at the time he is charged to have seen the alleged game on June 24, 1905, and was consequently not in a condition to have remembered it. Now, we take it, that if the testimony was admissible for any purpose it was admissible for the purpose indicated by the judge, and to which it was circumscribed by the charge; that is, as going to show the scienter of appellant in the perjury case for which he was then on trial, and to rebut his defense that he was too drunk to have remembered the same. That is, to put the question in another way, if on another occasion at which a game was played at the same place, appellant being present and seeing it, he swore falsely thereto, would this have had any bearing to rebut his defense of drunkenness or to show his scienter or intent, in swearing falsely as to the charge of perjury alleged to have been committed on June 24, 1905. In Barkman v. State, 52 S. W. Rep., 72, we discussed the authorities relating to a question of this character, and we extracted from Mr. Wharton, the following rule: "Evidence of other crimes is admissible to rebut such a defense, as where a party is charged with firing his house in order to defraud the insurers, and he pleads accident. To meet this, it is permissible to prove that on prior occasions houses occupied by defendant had been burned, and that he obtained payment for the same from separate insurance companies; and for the same object, evidence of an attempt three days before at firing by defendant of the same property may be received." Wharton Cr. Ev., sec. 26. Mr. Wharton also says, as quoted in Barkman's case, "To sustain the exceptions heretofore enumerated, however, and to make evidence of independent crimes admissible, the following conditions must exist: (a) Ground must first be laid implicating the defendant in the case under trial, and unless sufficient evidence of this has, in the opinion of the judge, been received, all evidence of other offenses to prove intent must be excluded; for it is a violation of the fundamental sanctions of our law to admit evidence that the defendant committed one offense in order to prove he committed another. (b) The extraneous crime cannot be put in evidence without proof that the defendant was concerned in its commission. (c) There must be system established between the offense on trial and that introduced to connect it with the defendant. (d) When system has been established, the testimony of other offenses is not excluded by the fact that the defendant had been indicted for their commission." Wharton's Cr. Ev., sec. 48; Williams v. State, 38 Texas Crim. Rep., 129, 41 S. W. Rep., 645. We do not believe this case comes within the principle just laid down. As to the matter of drunkenness we do not recall that the testimony shows appellant was drunk on the occasion of July 1st, whereas the defendant's evidence showed that he was drunk on the occasion of June 24, 1905. Moreover, the extraneous crime proved against appellant was subsequent to the charge for which he was tried in the corporation court; and because he did not remember that occasion, we do not be-

lieve would tend to show that he was lying as to the first occasion of June 24. In our view, this was simply proof of an extraneous matter, which might or might not be an offense, and would not serve the purpose of shedding any light on the transaction charged against appellant. Long v. State, 39 Texas Crim. Rep., 537.

Appellant offered testimony to show reasons why they did not arrest appellant on the next day after they saw the game on June 24, 1905. It occurs to us that this testimony was not admissible. However, we fail to see why the State objected to it, as, in our opinion it could not prove otherwise than hurtful to appellant.

We do not believe that the testimony of the witness W. W. Haynie introduced by the State was admissible. He testified, in effect, that he was working for Frank Lamar (defendant), and that on several occasions he had warned Lamar about permitting gambling to be carried on in the room upstairs over his place of business. This was before June 24, 1905. This was not even testimony that identified any particular games which were offenses against the State, and could not possibly have been produced as testimony coming under the head of system. However, it tended to show that appellant might be guilty of the offense of permitting card playing in his house generally; and that the witness felt called on to warn defendant in regard thereto. This testimony did not even tend to prove that appellant was present on said occasion about which he was warned, and we believe its introduction was calculated to prejudice the jury to the effect that appellant was conducting a gambling house over his place of business.

It is not necessary to discuss other propositions raised. For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*