## W. A. McMURTRY v. THE STATE.

### No. 1434. Decided January 12, 1898.

38  521
f38  542

**1. Perjury Before Grand Jury—Indictment.**

An indictment for perjury, based upon the testimony of a witness before the grand jury with reference to gaming transactions, is too indefinite and uncertain as to time, which alleged that the witness was interrogated as to any card playing at a certain place in the fall of 1896, in September, October, and November, or at any time from the 1st day of December, 1896, to the 15th day of March, 1897.

**2. Same.**

An indictment for perjury of a witness before a grand jury, to be sufficient, should show that the questions put to the witness directed his attention to some particular transaction as well as the time, place, and sufficient of the circumstances as to constitute a predicate for the impeachment of the witness if occasion should call for his impeachment. If the answers could not constitute a predicate for impeachment of the witness, it ought not to be sufficient to constitute a basis for a conviction for perjury.

**3. Same.**

An indictment for perjury, based upon the testimony of a witness before the grand jury with regard to card playing, should not only allege the time at which the unlawful card playing took place, but should also allege the name of some person other than defendant who played at such game.

**4. Same—Gaming—Allegation as to Inhibited Place.**

An indictment for perjury, based upon the testimony of a witness before the grand jury with regard to unlawful card playing, is insufficient which simply alleged, that the game was played "in a room over Benson's saloon, in the city of H." The word "saloon" is not tantamount to "a house for retailing spirituous liquors;" and the indictment should have more clearly shown that said room was attached to a place for retailing spirituous liquors.

**5. Counts in Indictment—General Verdict—Charge.**

A general rule is, that where there are a number of counts in an indictment, some good and some bad, a general verdict will be applied to any good count which is supported by the evidence. But, this is not the rule where a preliminary motion to quash the indictment was overruled when it should have been sustained as to certain defective counts. In this last character of case, a charge which submitted all the counts will constitute error where the verdict is general.

**6. Perjury—Indictment—Allegation as to Materiality.**

An indictment for perjury, based upon the testimony before a grand jury as to unlawful card playing, must allege that the testimony given by the defendant on the issues presented was material. An allegation, "that it became and was a material matter of inquiry before said grand jury whether at the time and place laid in the indictment defendant played at a game with cards," is not sufficient.

APPEAL from the District Court of Clay. Tried below before Hon. GEORGE E. MILLER.

Appeal from a conviction for perjury before the grand jury, the penalty assessed being two years imprisonment in the penitentiary.

The opinion sets out the essential allegations of the indictment as well as the grounds upon which the motion to quash the same was based.

No further statement is necessary.

*L. C. Barrett* and *Stine, Chesnutt & Hurt*, for appellant, as to the insufficiency of the indictment cited Code Crim. Proc., art. 439; Meeks v. State, 32 Texas Crim. Rep., 420; Harp v. State (Ark.), 26 S. W. Rep.,

714; 59 Barb. (N. Y.), 531; 2 Archibold, 600, 966; 3 Russ. on Crimes, 71, 548; Martin v. State, 26 S. W. Rep., 400; Buller v. State, 33 Texas Crim. Rep., 551; Penal Code, arts. 420-428; 9 Am. and Eng. Enc. of Law, p. 15.

The charge of the court was erroneous, because it did not confine the jury to such assignments as were good. Donahoe v. State, 14 Texas Crim. App., 638; Washington v. State, 23 Texas Crim. App., 336; 59 N. Y., 117; 21 Mass., 93.

*Mann Trice*, Assistant Attorney-General, for the State, cited Fry v. State, 36 Texas Crim. Rep., 582, as to sufficiency of the indictment.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

As appellant made a motion to quash the indictment, we will set out such parts thereof as are necessary to a discussion of the questions raised on said motion. The perjury, as set out in the indictment, is predicated upon the alleged false testimony of W. A. McMurtry before the grand jury of Clay County, Texas, at its March term, 1897. The indictment charges that J. D. Stine was the foreman of said grand jury, and administered the oath to said witness; and that it then and there became and was a material inquiry before said grand jury, etc., whether one Mc-Murtry, in the city of Henrietta, Clay County, Texas, at any time during the fall (meaning the months of September, October, and November) of 1896, or any time from the 1st day of December, 1896, to the 15th day of March, 1897, played at a game with cards in a room over Bud Benson's saloon, in the said city of Henrietta, Clay County, Texas; and whether the said McMurtry, at the time and place aforesaid, saw any person play at a game with cards; and whether said McMurtry, at the time and place aforesaid, played and wagered at a gaming table and bank, then and there kept and exhibited for the purpose of gaming; and whether the said Mc-Murtry, at the time and place aforesaid, kept and exhibited, for the purpose of gaming, a gaming table and bank; and whether the said Mc-Murtry, at the time and place aforesaid, sold any chips to any person for the purpose of betting and wagering at a gaming table and bank; and whether the said McMurtry, at the time and place aforesaid, saw any person bet and wager at a gaming table and bank, then and there kept and exhibited for the purpose of gaming, said room being a public place, to wit, a place where people commonly resort for the purpose of gaming. Under these assignments follows the allegation that said witness "did willfully and deliberately testify that the said McMurtry did not, in the city of Henrietta, Clay County, Texas, in the fall of 1896, or at any time from the 1st day of September, 1896, to the 15th day of March, 1897, play at a game with cards; that he did not see any person play at a game with cards; that he did not bet and wager at a gaming table and bank then and there kept and exhibited for the purpose of gaming; that he did

not keep and exhibit, for the purpose of gaming, a gaming table and bank; that he did not see any person bet and wager at a gaming table and bank then and there kept and exhibited for the purpose of gaming; that he did not sell any chips to any person for the purpose of betting and wagering at a gaming table and bank in said room as aforesaid." Then follows a traverse of each of said allegations, and that appellant's testimony was false, and that he knew it to be false at the time he so testified.

Among other objections urged in the motion to quash the indictment, appellant presented the following grounds: "Because no specific time is alleged when defendant bet, wagered, or played at a game with cards, sold chips, or exhibited a gaming table or banking game, or did any of the acts mentioned in said indictment; and said indictment is so vague and uncertain in its allegations and indefinite that this defendant has not been able to prepare his defense herein, and because it is not alleged in said indictment that he (defendant) played at any game, or to whom he had sold chips, or whom he saw play cards, bet, or wager, or with whom they played, bet, or wagered, or with whom he (defendant) bet or wagered, at said gaming table." This motion was overruled, and appellant excepted.

It will be observed that the indictment lays no particular date when said offense was committed about which the witness was being interrogated before the grand jury, save and except that it was some day in the fall of 1896—that is, in September, October, or November of said year—or at some time from the 1st day of December, 1896, to the 15th day of March, 1897; that is, as we understand it, the defendant (McMurtry), who was a witness before the grand jury, was interrogated generally about unlawful card playing at the place mentioned, between the 1st of September, 1896, and the 15th of March, 1897. It is insisted by the Assistant Attorney-General that this exact question was decided in Fry v. State, 36 Texas Criminal Reports, 582. By reference to that case, it will be seen that the allegation of time was equally as general there as here. However, that question was not raised in the Fry Case, nor was the attention of the court in anywise called to it. The decision was based on entirely different grounds. In Meeks v. State, 32 Texas Criminal Reports, 420, this question appears to have been directly before the court; and the court there held the rule to be that the question put to a witness before the grand jury should direct his attention to some particular transaction, and the time and place, and sufficient of the circumstances to call the attention of the person to the transaction under investigation should be stated, so that the witness might know of what he was to testify. It was further stated, if the answers to such question could not constitute a predicate for impeachment of the witness, it ought not to be sufficient to constitute a basis for his conviction for perjury.

The rule laid down by the text books with reference to the necessary question to lay a predicate for the impeachment of a witness requires that the time, place, and persons involved in the proposed contradiction be stated to the witness, so that his attention may be called directly to the

matter in issue. In this case the witness, in order to answer the question, so far as the allegations in the indictment are concerned, was left to wander over a space of six or seven months of time; and, besides, this, the indictment does not suggest the name of any person involved in the supposed unlawful card playing, except the defendant himself. In our opinion, the indictment should have shown more definitely some time at which the alleged unlawful card playing took place, and some person in the assignments (other than that charging appellant with playing the game) who played at such game. In addition to this, we would observe, with reference to the first two assignments in the indictment, that it is proposed by them to show that the playing of cards was at a place inhibited by the statute. The allegation is that said games were played "in a room over Bud Benson's saloon, in said city of Henrietta." The language of the statute, in order to constitute the playing at a public place, in this regard is: "If any person shall play at a game with cards, at any house for retailing spirituous liquors," etc. Penal Code, art. 379. There is no allegation in terms charging that the room where the game of cards was played was at a place for retailing spirituous liquors, unless it be conceded that the use of the language "Bud Benson's saloon" is tantamount to an allegation that it was a place for retailing spirituous liquors. The word "saloon" has a varied meaning. It may be applied to a place for retailing spirituous liquors, or to many other kinds of places. We do not believe that the allegation in this respect is sufficient. And, moreover, we do not believe that these assignments show that said room was attached to or so connected with said saloon, even if it be held that the word "saloon" is synonymous with a place for retailing spirituous liquors. The language in the assignments is, "in a room over Bud Benson's saloon." So far as the language here used informs us, there was no contiguity or connection between said two places. We think the indictment should have more clearly shown that said room was attached to a place for retailing spirituous liquors. See O'Brien v. State, 10 Texas Crim. App., 544; Early v. State, 23 Texas Crim. App., 364. The objections last mentioned would eliminate the first two assignments in the indictment, even if the date of said offense had been more definitely stated.

In this connection, appellant insists that the court erred in its charge in submitting all of the assignments to the jury when some of the assignments were unquestionably bad. The general rule is that, when there are a number of counts in an indictment (and the same rule we take it would apply to assignments in cases of perjury), some good and some bad, after verdict the conviction will be applied to any good count which is supported by the evidence. See Southern v. State, 34 Texas Crim. Rep., 144. This is so where the question is presented for the first time on a motion in arrest of judgment, or the question is raised for the first time after verdict. See Shuman v. State, 34 Texas Crim. Rep., 69, and Fry v. State, 36 Texas Crim. Rep., 582. But this is not the rule where a preliminary motion is made to quash the indictment, and certain counts of the indictment are defective, and should have been quashed. The propriety of this rule is

illustrated in this very case. If we refer to the evidence, there is no testimony in the record which would sustain either of the last four assignments in the indictment. No witness testifies that a gaming table or bank was ever kept or exhibited in said room, or that any person ever bet at any gaming table or bank in said room; the only evidence on the subject of card playing being that said room was used as a poker room, and that games of poker were played there. Now, if the court, on the motion to quash, should have held, as he was bound to do, the first two assignments invalid, then the case would have proceeded to trial on the last four assignments; and, as there was no evidence to support either of said assignments, the defendant would have been entitled to an acquital. So, unquestionably, he must have been convicted under the first two assignments in the indictment. Said two assignments were defective, as we have seen, for other reasons than those applicable to the last four assignments. But, inasmuch as we have heretofore held that all said assignments were bad, it is useless to further discuss this matter.

In addition to the objections heretofore stated with regard to the indictment, appellant claims that said indictment is defective because it does not allege that the testimony of appellant upon the points in issue was material; and he insists that the allegation in the indictment "that it became and was a material matter of inquiry before said grand jury whether, at the time and place laid in the indictment, appellant played at a game with cards," etc., is not sufficient; that the indictment should have further alleged that the testimony given by appellant on said issues was material. This contention seems to be correct. See Buller v. State, 33 Texas Crim. Rep., 551; Weaver v. State, 34 Texas Crim. Rep., 554.

For the errors above discussed the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and ordered dismissed.*