## W. L. STANSBURY v. THE STATE.

No. 17434. Delivered March 20, 1935.
Rehearing Denied May 22, 1935.

The opinion states the case.

*Shropshire & Sanders,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of whisky for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Operating under a search warrant, officers went to appellant's home and found therein twenty-seven pints and half-pints of whisky and a large quantity of beer. One of the officers testified: "All of that whisky had the government seal on it." Appellant stated to one of the officers that he had a federal license. The officer observed in the place a license of some character, but was unable to state its nature. The raid occurred on the 5th of July, 1934. On the preceding day one of the officers had observed numerous automobiles parked at appellant's house. Going into the house, he saw some twenty-five or thirty people in there drinking beer. At the time of the raid appellant was present. One of the officers testified: "I did not see any other people working there at the time but I was told that some were working there. * * * I saw a sign out there 'We serve sandwiches' and a sign 'Pay when served,' and I did not see a sign out there 'We serve liquor.' * * * All of that whisky was bottle and bonded stuff. I think that was right. It was bottled and bond whisky and just the ordinary three two beer."

We are unable to agree with appellant that the failure of the court to charge on circumstantial evidence constitutes error. Appellant's possession of more than a quart of whisky was shown by direct evidence.

The first count of the indictment charged, in substance, that appellant unlawfully possessed for the purpose of sale liquor capable of producing intoxication. The second count charged that he unlawfully possessed for the purpose of sale liquor capable of producing intoxication, "to-wit, beer and whuskey." The first count is fatally defective under the holding of this court in Offield v. State, 75 S. W. (2d) 882, and appellant's motion to quash same should have been sustained. The second count is deemed sufficient to charge an offense. In submitting the case, the court instructed the jury that appellant was charged by indictment with the offense of possessing liquor capable of producing intoxication for the purpose of sale. He thereafter charged the jury that whisky is a liquor capable of producing intoxication, but nowhere in the charge gave an instruction that beer is intoxicating. Moreover, there

was no proof that the beer discovered by the officers was intoxicating. In applying the law to the facts the court charged the jury to convict appellant if they believed beyond a reasonable doubt that he possessed for the purpose of sale liquor capable of producing intoxication, as charged in the indictment. The jury returned a general verdict finding appellant guilty as charged in the indictment, and assessing his punishment at confinement in the penitentiary for one year, which is the minimum penalty. There was no application for a suspended sentence, and no proof on the part of appellant controverting the testimony introduced by the State. The judgment of the court adjudges appellant to be guilty of the offense of possession of intoxicating liquor for the purpose of sale, and the sentence follows the judgment.

In view of the fact that the court advised the jury that whisky is an intoxicating liquor, and did not so advise them as to beer, and in view of the further fact that there was no proof that the beer was intoxicating, it might be plausibly argued that the count charging possession of whisky was alone submitted. In any event, we think the charge may be construed to show that the case was submitted on the two counts embraced in the indictment. Appellant contends that the conviction cannot be applied to the count charging possession of whisky, and in support of his contention cites McMurtry v. State, 38 Texas Crim. Rep., 521, 43 S. W., 1010. In Vincent v. State, 55 S. W., 819, it appears that one of the counts in the indictment submitted to the jury was defective and that the court had overruled a motion to quash same. The contention was made that the conviction could not be made to apply to the good count. In that case, as in the case at bar, there was no objection made to the reception of evidence that might have applied to the defective count. In holding that it was proper to apply the conviction to the good count, this court used language as follows: "This case was affirmed at a former day of this term, and comes before us now on motion for rehearing. Appellant contends that inasmuch as he made a motion to quash the second count of the indictment on the ground it was defective, and the court having overruled his motion, and the case being tried on both counts, it was not competent for the court to apply the conviction to the first count, which was good, but the case should be reversed. If testimony that was relevant alone to the second count and inadmissible under the first count, had been allowed over appellant's objection, then his contention might be correct. Mr.

Bishop, in his Criminal Procedure (volume 1, sec. 1015, subd. 4), says: 'If good and bad counts appear together at the sentence, or on error, that have been treated at the trial as good, and no objection to the evidence having been saved, the case is the same as when any other incompetent evidence is introduced with the defendant's tacit consent. He cannot now complain of it, but he can object to being sentenced on a bad count, as is elsewhere shown. Still, treating the bad count as surplusage, he may be sentenced on the good counts.' As stated, all the evidence adduced on the trial was admissible under the first count, and we fail to see what possible prejudice could ensue to appellant when the court applied the conviction to the good count. The rule laid down in McMurtry v. State, 38 Texas Crim. Rep., 521, 43 S. W., 1010, is correct, and does not antagonize the view herein announced. All the assignments of perjury in that case were held bad, and we were only speaking of the proper practice where some of the counts were good and some were bad, and testimony was admitted over objection which was applicable alone to the bad counts. In such case it would be error, inasmuch as the admitted testimony might prove prejudicial to appellant."

We are constrained to overrule appellant's contention. We deem it unnecessary to approve the rule announced in Mc-Murtry v. State, supra.

Appellant moved to quash the second count of the indictment on the ground that it was alleged therein that he possessed "whuskey" and that there was no allegation that the liquor possessed was whisky. It is well settled that bad spelling will not render invalid an otherwise good indictment if the sense is not affected and the meaning cannot be mistaken. Branch's Annotated Penal Code, sec. 490; Allen v. State, 28 S. W., 474; Bailey v. State, 141 S. W., 225. Making application of the rule, we think that the bad spelling in the present case does not vitiate the indictment.

In his motion in arrest of judgment appellant pointed out that the indictment failed to show that it was returned by the grand jury of McCulloch County. No motion to quash on the ground mentioned had been filed and presented. Said defect is found in the caption. We quote from 23 Texas Jurisprudence, page 613, as follows: "As the caption is really no part of the indictment proper, it may be amended under the authority and sanction of the court and made agreeable to the truth of the case." Numerous authorities are cited in support of the text, among them being Murphy v. State, 29 Tex. App., 507.

It is well settled that a defect in form in the indictment affords no ground for arresting the judgment. Jones v. State, 22 S. W., 149.

The judgment and sentence are reformed in order that it may be shown that appellant is convicted of the offense of possession of whisky for the purpose of sale, as charged in the second count of the indictment.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—As stated in our original opinion the first count of the indictment was bad under the holding in the case of Offield v. State, 75 S. W. (2d) 882. Under the same authority the second count was bad in so far as it alleged the possession for sale of "beer." So far as the present indictment is concerned the averment as to "beer" may be disregarded as surplusage. As to such liquor no offense is charged, and it may be eliminated without impairment of the indictment as charging the possession of whisky for the purpose of sale. Branch's Ann. Tex. P. C., sec 497, and cases cited. See also Allen v. State, 116 Texas Crim. Rep., 15, 32 S. W. (2d) 854.

The court charged the jury that the possession of intoxicating liquor for the purpose of sale was an offense. Immediately following they were told that "whisky" was an intoxicating liquor, and that the possession of more than a quart of intoxicating liquor was prima facie evidence of guilt. Appellant excepted to such charge unless the court instructed the jury that such rule as to prima facie evidence did not apply to "beer." It is appellant's contention that a failure to give such instruction was error in view of the manner in which the case was submitted to the jury. If there had been any evidence upon which a claim could be predicated that the whisky was possessed for an innocent purpose, or even if more than the minimum punishment had been inflicted, we could see some reason for urging that the failure to give the suggested instruction might have resulted in injury to appellant, but under the present record we are at a loss to discover how it could possibly have had such effect. The possession by appellant of the whisky in a large quantity in his place of

business and in salable containers was in no wise disputed or explained. There being more than a quart, the statute fixed the prima facie purpose for which it was possessed. Regardless of the beer and whether it was or was not intoxicating, no honest jury, under the undisputed evidence as to the whisky, could have returned any other verdict than was rendered here. The punishment was fixed at the minimum. We find no warrant for holding that the proof as to the presence of the beer or the manner of the submission of the case to the jury brought about the verdict.

The motion for rehearing is overruled.

*Overruled.*

Morrow, P. J., absent.