# NO. 12-08-00349-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFREY SCOTT ALLEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Jeffrey Scott Allen was convicted of aggravated sexual assault of a child and sentenced to imprisonment for fifteen years. In three issues, Appellant contends that the jury charge was erroneous and that the evidence is legally and factually insufficient to support his conviction. We affirm.

### BACKGROUND

Appellant, his wife, and three children had lived in E.R.'s home for about six months at the time of the offense. E.R. was sixteen years old and a junior in high school where some of her classes were special education classes. She had been diagnosed as an infant with failure to thrive syndrome.

In January 2008, she complained of severe nausea and stomach cramps. Her mother took her to a hospital emergency room where it was determined she was pregnant. Appellant remorsefully admitted to several persons at the house that he had had sexual relations with E.R. Shortly thereafter, Appellant gave a statement to the same effect to the police.

The State, in an indictment captioned "Aggravated Sexual Assault of a Child," alleged that Appellant committed the offense of aggravated sexual assault by sexually assaulting a disabled individual. *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(A), 22.021(a)(2)(c) (Vernon Supp. 2008). Appellant's defensive theory at trial was that E.R. was not "a disabled person" as alleged in the

indictment and as defined in the applicable statute.

At the close of evidence, the charge submitted by the trial court required the jury to find the required elements of aggravated sexual assault of *a disabled individual*. However, the charge instructed the jury that if it found that Appellant had sexually assaulted E.R. and E.R. was then and there a disabled individual, the jury should find the defendant guilty of aggravated sexual assault of a child. The jury was further instructed that if they failed to so find, they should next consider "whether the defendant is guilty of the *lesser included offense* of sexual assault of a child." (Emphasis added.). But the undisputed evidence showed that E.R. was sixteen years old, not "younger than fourteen years of age" as required for aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (Vernon Supp. 2008).

Appellant requested the submission of an instruction on sexual assault of a child. The trial court granted Appellant's request and submitted what it termed a lesser included offense, an instruction authorizing Appellant's conviction if the jury found the victim of the sexual assault was younger than seventeen. During final argument, Appellant's counsel asked the jury to convict Appellant of a sexual assault of a child, not aggravated sexual assault of a child.

The jury returned a verdict finding Appellant guilty of aggravated sexual assault of a child. The judgment of the trial court, however, recites that Appellant was convicted of the offense of aggravated sexual assault of a disabled individual, the offense alleged in the miscaptioned indictment.

### CHARGE ERROR

In his first issue, Appellant contends that the trial court's erroneous jury charge resulted in his conviction of an offense with which he was never charged.

## Standard of Review and Applicable Law

Regardless of whether a defendant objects to error in a jury charge at the time of trial, any claim of charge error on appeal must be considered by an appellate court. *See **Middleton v. State***, 125 S.W.2d 450, 453 (Tex. Crim. App. 2003). The existence of an objection affects only the degree of harm needed in order to justify a reversal. ***Warner v. State***, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008). Error to which no objection is raised requires reversal only where a defendant is egregiously harmed. *See* TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006); ***Hutch v. State***, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); ***Almanza v. State***, 686 S.W.2d 157, 171 (Tex. Crim.

2

App. 1984).  Error is egregiously harmful if it affects the basis of the case, deprives a defendant of a valuable right, or vitally affects a defensive theory.  ***Stuhler v. State***, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); ***Almanza***, 686 S.W.2d at 172.

In determining whether charge error is egregious, reviewing courts should consider the following four factors:

1)   the entire charge;

2)   the state of the evidence including contested issues and the weight of the probative evidence;

3)   arguments of counsel; and

4)   any other relevant information revealed by the record of the trial as a whole.

***Olivas v. State***, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006).

An important consideration is the emphasis the parties during trial placed on the matter in which the jury charge was erroneous.  "Egregious harm is more likely . . . if that matter was stressed and the evidence on it was convicting and close."  43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 42.241 (2d ed. 2001).  "Egregious harm is [also] more likely where the error concerns a matter stressed in the arguments than it is in a case where the error concerns a matter not extensively emphasized or relied upon by the lawyers in addressing the jury."  ***Id.***

In the absence of evidence to the contrary, it is presumed the jury followed the law provided by the charge.  ***Rose v. State***, 752 S.W.2d 529, 554 (Tex. Crim. App. 1987).  Whether egregious harm exists must be determined case by case. ***Ellison v. State***, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).

The caption is not considered part of the indictment.  *See* ***Stansbury v. State***, 128 Tex. Crim. 570, 574, 82 S.W.2d 962, 964 (1935); *see also* ***Jackson v. State***, 880 S.W.2d 432, 433 (Tex. App.–Houston [14th Dist.] 1994, pet. ref'd) (applying same rule to information).

**Discussion**

The confusion in this case began with the caption of the indictment, "Aggravated Sexual Assault of a Child."  The caption is not part of the charge.  ***Stansbury***, 128 Tex. Crim. at 574, 82 S.W.2d at 964.  The indictment, however, alleged the elements of aggravated assault of a disabled

3

individual. In its charge, the trial court authorized the jury, upon its finding of the essential elements of aggravated assault of a disabled person, to convict Appellant of aggravated assault of a child. The charge did not require the jury to find, nor did the indictment allege, that E.R. was under the age of fourteen, the aggravating element necessary to raise sexual assault of a child to aggravated sexual assault. *See* Tex. Penal Code Ann. § 22.021(a)(2)(B).

Appellant's contribution to the confusion was his request for the inclusion in the charge of an instruction on sexual assault of a child, which is not a lesser included offense of the offense charged in the indictment. *See* Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006) (explaining when an offense is a lesser included offense). The sole definition of "child" in the charge was "a person younger than 17 years of age who is not the spouse of the actor." This is a correct definition in the case of sexual assault of a child. *See* Tex. Penal Code Ann. § 22.011(c)(1). However, in the absence of any instruction that in order to establish aggravated sexual assault of a child, the child, E.R., must be younger than fourteen years of age, the jury could have assumed that E.R. need only have been younger than seventeen, not fourteen as the statute requires.

After presumably finding all the essential elements of aggravated sexual assault of a disabled individual, the jury, as instructed, returned a verdict finding Appellant guilty of aggravated sexual assault of a child.

Appellant insists the trial court's erroneous jury charge resulted in his conviction of an offense with which he was never charged. However, the trial court's judgment recites that Appellant was convicted of aggravated sexual assault of a disabled individual, the offense alleged in the indictment.

Charge error is obvious. Since Appellant raised no objection, reversal is proper only if the error egregiously harmed Appellant. *See* Tex. Code Crim. Proc. Ann. art. 36.19; ***Hutch***, 922 S.W.2d at 171; ***Almanza***, 686 S.W.2d at 171.

In conducting an article 36.19 analysis, we measure the harmfulness of the error, at least in part, against the probability that the jury's verdict was actually based on an alternative theory of culpability not affected by the erroneous portions of the charge. ***Atkinson v. State***, 923 S.W.2d 21, 27 (Tex. Crim. App. 1996), *overruled on other grounds by* ***Motilla v. State***, 78 S.W.3d 352, 356-57 (Tex. Crim. App. 2002). We consider whether the evidence sufficiently supports guilt on that alternative basis. *See **id.*** In charging on the aggravated offense in the instant case, the trial court correctly instructed the jury that, in order to find Appellant guilty, they must find all of the essential

4

elements of aggravated sexual assault of a disabled person, the offense charged in the indictment. Upon such a finding, they were erroneously instructed to find Appellant guilty of aggravated sexual assault of a child.

If not overwhelming, the evidence is sufficient to support the jury's findings of each of the requisite elements of the offense charged in the indictment and reflected in the judgment. Appellant's sexual relationship with E.R. and E.R.'s age were undisputed. The State's evidence was almost entirely devoted to proof of E.R.'s disability. Appellant's sole defense consisted of the attempt, in cross examination of the State's witnesses, to show that E.R. possessed abilities and engaged in activities that demonstrated she was not a disabled individual. The State, in final argument, did not stress E.R.'s age, but concentrated instead on the evidence showing that E.R. was disabled.

Although miscaptioned, the indictment correctly alleged aggravated sexual assault of a disabled person. It gave Appellant notice and sufficient opportunity to prepare a defense against the charge. He received a fair and impartial trial on the allegations contained in the indictment. The jury returned a verdict based upon findings of the essential elements of aggravated assault of a disabled person. The trial judge rendered judgment in conformity with the jury's findings. The error did not deprive Appellant of a valuable right nor vitally affect a defensive theory.

Considering the entire charge, the evidence, and the arguments of counsel, we are convinced the error in the charge did not egregiously harm Appellant. Appellant's first issue is overruled.

### LEGAL SUFFICIENCY OF THE EVIDENCE

In his second issue, Appellant correctly contends the evidence is legally insufficient to support a conviction for aggravated sexual assault of a child because there is no evidence that E.R. was under the age of fourteen at the time of the offense. We agree. However, Appellant's conviction, as recited in the judgment, was for aggravated assault of a disabled individual. No proof was required that E.R. was under the age of fourteen. Appellant's second issue is overruled.

### FACTUAL INSUFFICIENCY OF THE EVIDENCE – AGGRAVATED SEXUAL ASSAULT OF A DISABLED PERSON

In his third issue, Appellant maintains the evidence is factually insufficient to support his conviction for aggravated sexual assault of a disabled person.

5

## Standard of Review and Applicable Law

In reviewing factual sufficiency, the appellate court must conduct a neutral review of all the evidence, both for and against the finding, and reverse the conviction only if the proof of guilt is so obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

A sexual assault on a disabled individual is an aggravated assault. TEX. PENAL CODE ANN. § 22.021(a)(2)(c). A "disabled individual" is a person older than fourteen years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect herself from harm or to provide food, shelter, or medical care for herself. TEX. PENAL CODE ANN. § 22.04(c)(3) (Vernon Supp. 2008).

## Discussion

The doctors and nurses who treated or interviewed E.R. at the hospital testified that she was able to communicate with them regarding her situation. The most positive assessment of E.R.'s general ability came from E.R. herself. She testified that she fed, groomed, and otherwise cared for a goat as a school project as well as caring for other goats at home. She told the court that she cleaned her room, did laundry, and helped her brother take out the trash. She makes her bed with her sister's help. She testified that she was enrolled in advanced history and chemistry and special education math, reading, and writing. Appellant stresses the State's failure to present any IQ test score or other objective evidence of her mental incapacity.

E.R.'s mother described her as "childlike, incapable of understanding a lot of things most kids her age would." She told the court she could not be trusted to help with the cooking because she would forget what was hot and what was not. E.R. testified that she was not allowed near the stove. The sexual assault nurse examiner acknowledged that she was able to get the required information from her, but that it required a great deal more explanation than ordinarily required. She observed that E.R. was "very childlike in her behavior" and in her answers and "a very poor historian of what had happened." The emergency room doctor noted E.R. was slow in answering his questions. Her primary care physician for eight years, Dr. Leo Holm, explained to the jury that E.R. had a learning disability and that he did not believe she had "the emotional capacity or cognitive capacity to live on her own, to manage a lot of the more complex issues in life." When read the applicable legal definition of "disabled individual," Dr. Holm told the jury that E.R. came

6

within the definition because she probably would not be able to independently live or provide for herself, or do gainful work . . . at this point." In her testimony, E.R. said she did not know how she became pregnant. When asked if she knew what sex was, E.R. answered "yes and no."

The jury had the opportunity to observe E.R. and the other witnesses. The jury is the exclusive judge of the facts proved and the weight to be given the testimony. TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979). Although not overwhelming, the evidence supporting the verdict is not so weak as to undermine our confidence in the jury's determination, nor is it outweighed by contrary proof. The evidence is factually sufficient to support Appellant's conviction. Appellant's third issue is overruled.

## DISPOSITION

The judgment of the trial court is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered April 30, 2009.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(DO NOT PUBLISH)