In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00472-CR
_____

NORMAN LEE SHILLINGS JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 258th District Court
Polk County, Texas
Trial Cause No. 22,366

## MEMORANDUM OPINION

A jury convicted appellant Norman Lee Shillings Jr. as a habitual offender of seven counts of tampering with evidence, and the trial court assessed punishment at twenty-five years of confinement for each count and ordered that the sentences would run concurrently. In his sole appellate issue, Shillings challenges the legal sufficiency of the evidence to support his conviction. We affirm the trial court's judgment of conviction on each count.

## THE EVIDENCE

Officer Glen Goodwin testified that he was working as a highway patrolman when he stopped a speeding vehicle driven by Shillings. Shillings told Goodwin that he did not have a driver's license, but he identified himself to Officer Goodwin as "Wesley Pruitt Schillings, date of birth . . . November 28, 1973." Goodwin explained that when he ran the name "Wesley Pruitt Schillings," he learned from the sheriff's office that said name and date of birth were "a valid name and date of birth[,]" and the sheriff's office provided a photograph of a person similar in appearance to Shillings.

When Goodwin interviewed Shillings, Shillings told Goodwin that he had been drinking, so Goodwin performed field sobriety tests and then arrested Shillings for DWI. After Goodwin informed Shillings that the vehicle, which was registered to another individual, would be towed, Shillings became verbally abusive and threatened Goodwin, and Goodwin called for assistance. Trooper Berman arrived to assist, and Trooper Berman held Shillings against the vehicle while the officers called the sheriff's office "for a unit with a cage."

Eventually, Deputy Craig Taylor arrived in a unit that had a cage, and he transported Shillings to jail. Goodwin explained that Shillings continued to resist arrest until being placed in the unit with a cage, so Goodwin charged Shillings with

both driving while intoxicated and resisting arrest. Goodwin subsequently learned from Sergeant Frank Shipley that Shillings's name was actually "Norman Shillings," and Goodwin issued another arrest warrant against "Norman Shillings" for tampering. Goodwin testified that a subject's identity is a matter of evidence in a case.

Sergeant Troy Lanning, who supervises book-ins at the jail, testified that during the book-in process, an arrestee is fingerprinted electronically, and the fingerprints are transmitted to Austin. According to Lanning, offenses that are class B misdemeanors or above are reportable offenses, which are placed on the arrestee's criminal history. Lanning explained that the justice of the peace sets a bond and issues a magistrate's warning, which is signed by the justice of the peace, the arrestee, and the jailer. Lanning explained that the fingerprints sent to Austin "came back to a different individual, to a different SID number." According to Lanning, the fingerprints belonged to Norman Shillings rather than Wesley Shillings. Lanning notified Goodwin that the wrong name was listed on the charge.

According to Lanning, the magistrate's warning, notice of arraignment, and bail bond are filed with the trial court. Lanning identified State's exhibits one through seven as magistrate's warnings, bonds on the charges of driving while intoxicated and resisting arrest, the notices of arraignment for driving while

intoxicated and resisting arrest, and a notification of the right to counsel, all of which were signed by Shillings as "Wesley Shillings."

Ricky Seward, a sergeant with the Polk County jail, identified Shillings as the individual for whom he processed bail bonds on charges of driving while intoxicated and resisting arrest. Seward testified that Shillings purported to be Wesley Shillings when he signed the bail bonds, and he identified State's exhibits three and four as the bail bonds signed by Shillings as "Wesley Shillings."

Anna Devona, a correctional officer at the Polk County sheriff's office, testified that when she booked Shillings into the jail, he used the name "Wesley Shillings" on the notices of arraignment, and she identified State's exhibit five and six as the notices of arraignment Shillings signed. Devona later learned that Shillings had provided a false name. Devona identified Shillings as the person who signed the notices of arraignment as "Wesley Pruitt Shillings."

Mickey Stafford, chief court clerk for Polk County Precinct 1, identified the magistrate's warning on the DWI charge, the charge of resisting arrest, and the application for a court-appointed attorney as documents Shillings signed as "Wesley Pruitt Shillings," and those documents were admitted into evidence as State's exhibits one, two, and seven. Lieutenant Mark Jones of the Polk County

Sheriff's Office testified that the fingerprints on the bail bonds and the jail book-in card matched Shillings's fingerprints.

## LEGAL SUFFICIENCY

In his sole appellate issue, Shillings contends the evidence was legally insufficient to support his conviction. When evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The jury is the ultimate authority on the credibility of witnesses and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 894-95; *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). We give full deference to the jury's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. We may not substitute our judgment for that of the fact finder concerning the weight and credibility of the evidence. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

The caption of the indictment listed section 37.09(d)(1) of the Texas Penal Code as the charging statute, and that subsection provides that a person commits the offense of tampering with or fabricating physical evidence if the person "knowing that an offense has been committed, *alters, destroys, or conceals* any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation of or official proceeding related to the offense[.]" Tex. Penal Code Ann. § 37.09(d)(1) (West Supp. 2013) (emphasis added).[1] However, the body of the seven-count indictment alleged that Shillings "made, presented[,] or used" (1) a magistrate's warning on the DWI charge, (2) a magistrate's warning on the resisting arrest charge, (3) a bail bond on the DWI charge, (4) a bail bond on the resisting arrest charge, (5) a notice of arraignment on the DWI charge, (6) a notice of arraignment on the resisting arrest charge, and (7) a notification of the right to counsel "with knowledge of [the documents'] falsity and with the intent to affect the course or outcome of the investigation or official proceeding" by signing a false name to the documents.[2] This language indicates that Shillings was charged with an offense under section 37.09(a)(2). *See id.* §

---

[1]Because the amendment to section 37.09 is not material to the outcome of this appeal, we cite the current version of the statute.

[2]The indictment also included four enhancement paragraphs.

37.09(a)(2). Section 37.09(a)(2) provides that "[a] person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he . . . makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding." *Id*. The caption of an indictment is not part of the charging instrument, and when the caption lists a different offense from the one alleged in the body of the indictment, the body of the indictment controls. *See Stansbury v. State*, 128 Tex. Crim. 570, 574, 82 S.W.2d 962, 964 (1935) (op. on reh'g); *Adams v. State*, 222 S.W.3d 37, 52-53 (Tex. App.—Austin 2005, pet. ref'd); *Thibodeaux v. State*, 628 S.W.2d 485, 487 (Tex. App.—Texarkana 1982, no pet.); 42 George E. Dix and John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 25.24 (3d ed. 2011) ("If . . . the caption identifies the charged offense as one different than what is actually charged in the charging instrument proper, this is of no significance. It does not constitute a defect in the charging instrument, nor does it give rise to some sort of fatal variance when the proof at trial shows the offense charged in the instrument proper rather than the offense specified by name in the caption.").

Shillings argues that for his actions to fall within the purview of section 37.09 of the Penal Code, the evidence must show that he had already committed a

7

separate criminal offense because otherwise, he could not have known that an investigation was pending. Shillings also contends that he did not "generate" the documents that identified him as "Wesley Pruitt Shillings." As support for his argument, Shillings cites *Brosky v. State*, 915 S.W.2d 120 (Tex. App.—Fort Worth 1996, pet. ref'd). In *Brosky*, the appellant, who was convicted of engaging in organized criminal activity pursuant to section 71.02 of the Penal Code, contended that the trial court erred by refusing to instruct the jury on the lesser-included offense of tampering with evidence under section 37.09. *Brosky*, 915 S.W.2d at 123, 142. The *Brosky* court concluded that tampering with evidence is not a lesser-included offense of engaging in organized criminal activity. *Id*. at 144. The *Brosky* court noted that while section 71.02 requires the actor to perform an overt act in pursuance of an agreement to commit a separate criminal offense, and the additional offense need only be planned, "for a person's actions to fall within the confines of section 37.09, a separate criminal offense must *already* have been committed; otherwise, the actor could not kn[ow] that an investigation . . . is pending." *Id*. at 143-144 (emphasis added).

We conclude that Shillings's reliance upon *Brosky* is misplaced. The *Brosky* court's holding does not stand for the proposition that to convict an actor under section 37.09, that an offense in addition to tampering with evidence must have

been committed. *See id.* In addition, we conclude that nothing in section 37.09 requires that the actor have "generated" the record, document, or thing. *See* Tex. Penal Code Ann. § 37.09.

The evidence established that Shillings signed a false name on two bail bonds, two magistrate's warnings, two notices of arraignment, and a notification of the right to counsel, all of which were presented to him upon his arrest and booking into the jail for the offenses of driving while intoxicated and resisting arrest. The notices of arraignment and magistrate's warnings informed Shillings that he was accused of driving while intoxicated and resisting arrest, so Shillings knew when he signed a false name to the documents that an investigation was pending. We conclude the evidence was sufficient to establish that by signing a false name on the documents, Shillings made, presented, or used the documents with knowledge of their falsity and with intent to affect the outcome of the investigation or official proceeding against him, as charged in the indictment. *See id.* § 37.09(a)(2). Accordingly, we overrule Shillings's sole issue and affirm the trial court's judgment of conviction as to each count.[3]

---

[3]We note that the trial court's judgment of conviction sets forth section 37.09(d)(1) of the Texas Penal Code rather than section 37.09(a)(2) as the charging statute.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 14, 2014
Opinion Delivered May 7, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.