

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0086-18

---

### DEONDRE J. JENKINS, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

---

RICHARDSON, J., delivered the opinion of the Court in which KEASLER, HERVEY, ALCALA, YEARY, NEWELL, KEEL, and WALKER, JJ., joined. KELLER, P.J., filed a concurring opinion. YEARY, J., filed a concurring opinion.

### <u>OPINION</u>

On the second day of his trial for continuous trafficking of persons,[1] Appellant, Deondre J. Jenkins, moved to dismiss his case. Citing to this Court's 1995 decision in *Cook v. State*,[2] Appellant argued to the trial court that, since the indictment filed by the State and

---

[1] TEX. PENAL CODE § 20A.02.

[2] 902 S.W.2d 471 (Tex. Crim. App. 1995).

read to the jury at the beginning of his trial did not name him personally, it did not charge "a person," and thus it was fatally defective under article V, section 12(b) of the Texas Constitution.[3] The trial court denied Appellant's motion to dismiss. He was found guilty by the jury and was sentenced to twenty-five years in prison.

Appellant raised the same claim on direct appeal. The Fourth Court of Appeals agreed with Appellant that *Cook* applied, holding that "the charging instrument in this case failed to charge 'a person' with an offense."[4] The court of appeals reversed the judgment of the trial court and remanded the case with instructions to dismiss the indictment.[5]

We granted the State's petition for discretionary review to address whether we should follow this Court's 1995 decision in *Cook*, or follow the trend we have set in our more recently decided cases, *Teal v. State*[6] and *Kirkpatrick v. State*.[7] We hold that, in light of our analysis in *Teal* and *Kirkpatrick*, our holding in *Cook* is implicitly disavowed by more recent precedent. Applying the same reasoning we used in *Teal* and *Kirkpatrick* to the facts in this case, it is our conclusion that the indictment, although defective, was still an indictment that met the jurisdictional requirements under article V, section 12(b) of the Texas Constitution.

---

[3] *Cook*, 902 S.W.2d at 447; Texas Constitution article V, section 12(b), in pertinent part, defines an indictment as " a written instrument presented to a court by a grand jury charging a person with the commission of an offense."

[4] *Jenkins v. State*, 537 S.W.3d 696, 707 (Tex. App.— San Antonio 2017).

[5] *Id.*

[6] 230 S.W.3d 172 (Tex. Crim. App. 2007).

[7] 279 S.W.3d 324 (Tex. Crim. App. 2009).

Even though the indictment did not identify Appellant as the defendant by his name, the face of the charging instrument contained a caption with enough information (including Appellant's name) such that Appellant could determine that he was "the defendant" referred to in the indictment, and that it charged *him* with the felony offense of continuous trafficking of persons. Since Appellant did not object to the indictment until the second day of his trial, he waived and forfeited the right to raise the objection on appeal.[8] We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

## THE INDICTMENT

The State filed its True Bill of Indictment in this case on October 8, 2014. At the top of the one-page charging document is the caption, which contains the following information:

Defendant:           Deondre J. Jenkins
JN#:                 1573311-1
CLERK'S ORIGINAL

Address:             [*this information is omitted but was in original charging instrument*]
Complainant:         [*same*]
CoDefendants:
Offense Code/Charge: 589989 Continuous Trafficking of Persons–25-Life
GJ: 572027           PH Court:
Court # 186          SID #: 1008391      Cause #:     2014 CR 8396
Witness:             State's Attorney

---

[8] TEX. CODE CRIM. PROC. art. 1.14(b). *See also Studer v. State*, 799 S.W.2d 263, 271-72 (Tex. Crim. App. 1990) (holding that a defect in a charging instrument, whether in form or substance, is waived unless raised prior to trial).

Below the caption is the following:

TRUE BILL OF INDICTMENT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS, the Grand Jury of Bexar County, State of Texas, duly organized, empanelled and sworn as such at the September term, A.D., 2014, of the 186 Judicial District Court of said County, in said Court, at said term, do present in and to said Court that in the County and State aforesaid, and anterior to the presentment of this indictment:

Count I

on or about the 15th day of February, 2012, through the 15th day of December, 2013, a period of thirty days or more in duration, in Bexar County, Texas, the defendant engaged two or more times in conduct that constitutes an offense under Section 20A.02–Trafficking of Persons against [*complainant #1*] and [*complainant #2*]; in that

1. The defendant knowingly trafficked [*complainant #1*] and through force, fraud or coercion, caused [*complainant #1*] to engage in conduct prohibited by Section 43.02–Prostitution; and

2. The defendant knowingly received a benefit from participating in a venture that involved trafficking [*complainant #1*] and through force, fraud and coercion caused her to engage in conduct prohibited by Section 43.02 – Prostitution; and

3. The defendant knowingly trafficked [*complainant #2*], a child, and by any means caused [*complainant #2*] to engage in or become the victim of conduct prohibited by Section 43.05 – Compelling Prostitution; and

4. The defendant knowingly received a benefit from participating in a venture that involved trafficking [*complainant #2*], a child, and by any means caused [*complainant #2*] to engage in or become the victim of conduct prohibited by Section 43.05 – Compelling Prostitution.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

After a jury was selected and sworn, the following exchange took place:

THE COURT: The next order of business is for the attorneys – for the State to read the indictment. And the Defendant will enter a plea.

[*The prosecutor then read the indictment on the record.*]

THE COURT: To which the Defendant pleads?

THE DEFENDANT: Not guilty.

THE COURT: The Defendant pleads not guilty. You may be seated. . . .

## **ANALYSIS**

### *Did the Indictment Charge "A Person?"*

The presentment of a valid indictment vests the district court with jurisdiction of the cause.[9] A trial court's jurisdiction over a criminal case consists of the power of the court over the "subject matter" of the case, coupled with "personal" jurisdiction over the accused.[10] Unlike in civil cases, where personal jurisdiction over a party may be had merely by that party's appearance before the court, criminal jurisdiction over a person requires the filing of a valid indictment or information.[11]

---

[9] TEX. CONST. art. V § 12(b) ("The presentment of an indictment or information to a court invests the court with jurisdiction of the cause."); *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980).

[10] *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009) (citing *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1980)). *See also Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("Jurisdiction concerns the power of a court to hear and determine a case.").

[11] *Garcia*, 596 S.W.2d at 527.

Even if an indictment has a substantive defect, it can still qualify as an indictment that vests a district court with jurisdiction.[12] However, if an indictment is so defective that it does not meet the constitutional definition of an indictment, it does not vest the court with jurisdiction. To meet the definition of indictment under article V, section 12(b) of the Texas Constitution and to vest the court with both personal and subject matter jurisdiction, the indictment must (1) charge a person, and it must (2) charge the commission of an offense.[13]

In this case, Appellant complains that the first requirement was not met—the trial court did not acquire personal jurisdiction over him because his name does not appear in the indictment. The court of appeals agreed with Appellant, concluding that this Court's "holding in *Cook* controls the outcome of this case."[14] In *Cook*, this Court held that the defendant's conviction was void because the charging instrument did not contain the defendant's name.[15] We held in *Cook* that the indictment "wholly failed to charge 'a

---

[12] *Studer*, 799 S.W.2d at 271.

[13] TEX. CONST. art. V § 12(b) ("An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense."); *Cook*, 902 S.W.2d at 477.

[14] *Jenkins*, 537 S.W.3d at 707.

[15] Presiding Judge Keller's concurring opinion states that "[t]he Court errs in accepting the premise that a conviction is void if the charging instrument fails to name a person. As unsound as *Cook* was, even it did not go that far." This criticism is misplaced. In *Cook*, this Court held as follows:

> In the instant case, the charging instrument wholly *failed to charge "a person." Thus,* the charging instrument did not meet the first prong of the constitutional definition of art. V, § 12(b). *Consequently,* the charging instrument was not an indictment as required by art. V, § 12(b) and art. I, § 10, and did not vest the trial court with jurisdiction. *Therefore, appellant's conviction is void.*

person,'" it therefore did not qualify as an indictment, and thus it did not vest the court with jurisdiction.[16]

In reversing Appellant's conviction in this case, the court of appeals followed *Cook*, concluding that this Court has "strictly held that a charging instrument must name a person

---

*Cook v. State*, 902 S.W.2d at 480 (emphasis added). Although unclear, this concurring opinion might be making a distinction between *naming* a person and *charging* a person. However, this Court did not make that distinction in *Cook*, and we do not make it here. The appellant in *Cook* argued that the conviction was void because the charging instrument omitted his name. This Court in *Cook* apparently agreed with that argument:

> [W]e believe art. V, § 12(b) requires that an indictment charge a particular person. This interpretation is consistent with the statutory definition of an indictment provided by Tex. Code Crim. Proc. Ann. Art. 21.01: "An indictment is the written statement of a grand jury accusing a person *therein named* of some act or omission which, by law, is declared to be an offense."

*Cook*, 902 S.W.2d at n.4 (emphasis in original). Thus, *Cook* did "go that far."

Moreover, contrary to Presiding Judge Keller's observation, nowhere in our opinion do we "accept[] the premise that a conviction is void if the charging instrument fails to name a person." In fact, on page 11, *infra*, we expressly state that we "disagree with the court of appeals's conclusion" that an indictment that does not "contain the name of the accused" renders the indictment "void." Her concurring opinion repeats this incorrect observation by stating that, "[u]nder the Court's opinion, the conviction in this case would be void if Appellant's name had not happened to appear elsewhere on the charging instrument." Again, this is the contrapositive of our holding, a conclusion we did not make, and thus a mischaracterization and misinterpretation of this opinion. Rather, we conclude (*see* page 15, *infra*) that because Appellant's name was elsewhere on the charging instrument, he had sufficient notice of the charge against him, so the indictment met the jurisdictional requirements under article V, section 12(b). The concurring opinion ignores our discussions of *Teal* and *Kirkpatrick*, wherein we acknowledge the more "expansive view" of whether a charging instrument is constitutionally sufficient. As stated herein, in *Kirkpatrick*, we no longer limit such analysis to the four corners of the charging instrument.

[16] *Cook*, 902 S.W.2d at 480.

to vest a trial court with jurisdiction."[17]  However, as we explain herein, we believe that *Cook* has been implicitly superseded by our more recently decided cases, *Teal* and *Kirpatrick*.

*After Teal and Kirkpatrick, We Look To The Charging Instrument "As a Whole"*

In *Cook*, we did not look beyond the defective charging language to determine if the charging instrument, although defective, nevertheless qualified as an "indictment" under article V, section 12.  However, in *Teal* we held that,

> the complete test for the constitutional sufficiency of a particular charging instrument goes slightly further than that expressly set out in . . . *Cook*:  Can the district court and the defendant determine, from the face of the indictment, that the indictment intends to charge a felony or other offense for which a district court has jurisdiction?[18]

Although the indictment in *Teal* was "certainly" defective because it failed to include one of the two elements required for the offense to qualify as a felony, we held that, "the indictment as a whole, was sufficient to vest the district court with subject-matter jurisdiction and give the defendant notice that the State intended to prosecute him for a felony offense."[19]

We added even further clarification in our 2009 *Kirkpatrick* decision.  The issue in *Kirkpatrick* was the same as that in *Teal*—the appellant claimed that the indictment, as worded, charged a misdemeanor not a felony, so the district court did not have jurisdiction. We held in *Kirkpatrick* that, although the indictment properly charged a misdemeanor and

---

[17] *Jenkins*, 537 S.W.3d at 704.

[18] *Teal*, 230 S.W.3d at 181.

[19] *Id*. at 182.

lacked an element necessary to charge a felony, the charging instrument, as a whole, nevertheless charged a felony offense. In fact, in *Kirkpatrick*, we did not even limit our analysis to the four corners of the charging instrument when assessing whether Appellant was put on notice that he was being charged with the offense defined in the indictment. We held that, "although the indictment properly charged a misdemeanor and lacked an element necessary to charge a felony, the felony offense exists, and the indictment's return in a felony court put appellant on notice that the charging of the felony offense was intended."[20] Thus, our holding in *Kirkpatrick* was based on more than the bare charging language. First, "the felony offense exists, and the indictment's return in a felony court put appellant on notice that the charging of a felony offense was intended."[21] Second, "the face of each indictment contains a heading: 'Indictment – tampering with a Governmental Record 3rd Degree Felony – TPC sec 37.10(a) – Code 73990275.'"[22] We said that "[t]he Penal Code section was easily ascertainable, and the notation that the offense was a third-degree felony clearly indicated that the state intended to charge a felony offense and the district court had subject matter jurisdiction."[23] We concluded in *Kirkpatrick* that "the [a]ppellant had adequate notice that

---

[20] *Kirkpatrick*, 279 S.W.3d at 329.

[21] *Id*.

[22] *Id*.

[23] *Id*.

she was charged with a felony."[24] We held that "[t]he court of appeals erred when it concluded that these indictments fail to satisfy the constitutional requirement of subject-matter jurisdiction and did not vest the district court with jurisdiction."[25]

In this case, however, the court of appeals agreed with Appellant that, even though Appellant's name is shown in the caption, the caption is not part of the indictment.[26] To support this conclusion, the court of appeals cited to this Court's 1935 opinion in *Stansbury v. State*,[27] wherein this Court stated that "the caption is really no part of the indictment proper."[28] However, as we have explained, in light of *Teal* and *Kirkpatrick*, we find that this statement in *Stansbury* does not control whether a charging instrument meets the constitutional definition of an indictment.

The court of appeals also relied on article 21.02 of the Texas Code of Criminal Procedure,[29] concluding that, since Appellant's name "does not appear after the commencement of the indictment and does not appear before the conclusion," it is not part of the indictment.[30] Article 21.02 lists the "Requisites of an Indictment," providing, in

---

[24] *Id*.

[25] *Id*.

[26] *Jenkins*, 537 S.W.3d at 705.

[27] 82 S.W.2d 962 (Tex. Crim. App. 1935)).

[28] *Id.* at 964.

[29] TEX. CODE CRIM. PROC. art. 21.02.

[30] *Jenkins*, 537 S.W.3d at 704.

pertinent part, that:

> An indictment shall be deemed sufficient if it has the following requisites:
>
> 1.      It shall commence, "In the name and by authority of The State of Texas."
>
>                * * *
>
> 4.      It must contain the name of the accused, . . .
>
>                * * *
>
> 8.      The indictment must conclude, "Against the peace and dignity of the State."[31]

Because article 21.02 sets out what is required to make the indictment "sufficient," if an indictment does not comply with article 21.02, it is considered to be defective. In this case, the indictment did not "contain the name of the accused."[32] We therefore agree that this omission caused the indictment to be defective. However, we disagree with the court of appeals's conclusion that this defect rendered the indictment "void."[33] It has been well-settled since 1985 that a defect in an indictment may not prevent it from qualifying as an indictment.[34] An indictment can be defective, but still be an indictment that vests the court with jurisdiction.[35] In fact, in *Duron v. State*,[36] this Court held that in order for a defect to

---

[31] TEX. CODE CRIM. PROC. art. 21.02.

[32] *Id*. at § 4.

[33] *Jenkins*, 537 S.W.3d at 697.

[34] *Teal*, 230 S.W.3d at 177 (Since the 1985 amendments to the Texas Constitution and to article 1.14 of the Texas Code of Criminal Procedure, "jurisdiction is no longer contingent on whether the indictment contains defects of form or substance.").

[35] *Id.*; *Studer*, 799 S.W.2d at 271-72; *Duron v. State*, 956 S.W.2d 547, 549-50 (Tex. Crim. App. 1997) ("As this Court noted in *Studer*, the legislative history behind the 1985 amendment and

"render the instrument a non-indictment," the defect must "make it impossible for the defendant to know with what offense he had been charged."[37]

Although the court of appeals cited to both *Teal* and *Kirkpatrick*, it distinguished those cases, finding that this Court has "consistently interpreted [the second prong of the constitutional definition of indictment] more liberally than the first prong,"[38] However, this Court has not had another opportunity since *Cook* to address the first prong. We see no reason to interpret the two requirements of article V, section 12(b) differently. Rather than support a strict construction of one requirement and a liberal construction of another, our decisions in *Teal* and *Kirkpatrick* support a more expansive view.[39] Thus, with regard to both requirements under the constitutional definition of indictment—that it must (1) charge a person, and (2) charge the commission of an offense—we hold that "the proper test"[40] is whether the "face of the charging instrument"[41] is "clear enough"[42] to give an appellant

---

its attendant legislation indicates that those changes meant to preserve a written instrument as an indictment even 'though it be flawed by matter of substance . . .'") (citing *Studer*, 799 S.W.2d at 271).

[36] 956 S.W.2d 547 (Tex. Crim. App. 1997).

[37] *Duron*, 956 S.W.2d at 550.

[38] *Jenkins*, 537 S.W.3d at 707.

[39] *Teal*, 230 S.W.3d at 181 ("[T]he complete test for the constitutional sufficiency of a particular charging instrument goes slightly further than that expressly set out in *Studer* and *Cook*.").

[40] *Id*. at 180.

[41] *Kirkpatrick*, 279 S.W.3d at 329.

[42] *Teal*, 230 S.W.3d at 180.

"adequate notice"[43] of the charge against him.

In this case, Appellant had adequate notice that he was "the defendant" charged with the commission of the offense of continuous trafficking of persons. As noted above, the caption names Appellant as the defendant: "Defendant: Deondre J Jenkins." The caption also includes his address, his "SID" number, the cause number, the filing date of the indictment, the complainants's names, the specific offense charged, and which court the case was assigned to. As in *Teal*, the face of the charging instrument put Appellant on notice that he was the defendant referred to in the indictment.[44] We conclude, therefore, that, although defective under article 21.02, the indictment nevertheless (1) charges a person (2) with committing an offense, and thus vested the trial court with both personal and subject-matter jurisdiction.

*Appellant Waived His Objection to the Indictment Defect*

If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding.[45] As we observed in *Teal*,

---

[43] *Kirkpatrick*, 279 S.W.3d at 329.

[44] *Teal*, 239 S.W.3d at 182.

[45] TEX. CODE CRIM. PROC. art. 1.14(b). *See also Studer*, 799 S.W.2d at 271-72 (holding that a defect in a charging instrument, whether in form or substance, is waived unless raised prior to trial). ("[T]he requisites of an indictment stem from statutory law alone," and a defect in a charging instrument, whether in form or substance, is waived unless raised prior to trial.).

"Texas law now requires the defendant to object to any error in the indictment before the day of trial and certainly before the jury is empaneled."[46]

In this case, Appellant did not raise an objection to the indictment, nor claim that it was defective, until the second day of the trial.[47] "If Appellant was confused about whether the State did or intended to charge *him* with a felony, he could have and should have objected to the defective indictment before the date of trial."[48] In the present case, because Appellant failed to make a timely objection before the date of trial, he "forfeited any right to object" to the indictment defect.[49]

---

[46] *Teal*, 230 S.W.3d at 178 n.24 ("Also, article 1.14(b) and article 28.10 are read together for the proposition that '[i]f the defendant fails to raise a substance defect prior to trial, he or she waives that right; if the defect is raised, the State can then amend the indictment to include the missing element.'")

[47] We note that the record contains a Motion to Quash Indictment filed *pro se* by Appellant in May of 2015. This was a fill-in-the-blank form motion. At that time, an attorney had been appointed to represent Appellant in this case. This Motion to Quash Indictment was not adopted nor re-urged by defense counsel; it was not ruled on by the trial court; it was not raised by defense counsel at the time he moved to dismiss the indictment on the second day of trial; and it was not mentioned by appellate counsel in any of the briefs filed with this Court. A defendant has no right to hybrid representation, and, as a consequence, a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Ex parte Bohannan*, 350 S.W.3d 116 n.1 (Tex. Crim. App. 2011). We therefore do not consider this Motion to Quash Indictment as preserving Appellant's claim raised on appeal.

[48] *Teal*, 230 S.W.3d at 182 (emphasis added); *Kirkpatrick*, 279 S.W.3d at 329 ("If she had confusion about whether the State did, or intended to, charge her with a felony, she could have and should have objected to the defective indictment before the date of trial.").

[49] *Teal*, 230 S.W.3d at 182.

## <u>CONCLUSION</u>

We conclude that our decision in *Cook* no longer controls in light of *Teal* and *Kirkpatrick.* Even though the indictment in this case was defective because it did not identify Appellant as the defendant by his name, the charging instrument's caption contained Appellant's name and address. Therefore, the charging instrument, as a whole, gave Appellant adequate notice that the indictment intended to charge *him* with a felony, and thus the indictment met the jurisdictional requirements under article V, section 12(b) of the Texas Constitution. Since Appellant did not object to the defective indictment until the second day of his trial, he waived and forfeited the right to raise the objection on appeal. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

DELIVERED:       December 5, 2018

PUBLISH